UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6070-CR-FERGUSON

UNITED STATES OF AMERICA )
)
)
v. )
)
)
)
THOMAS GOVAN, )
)
Defendant. )
_____)



## GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America hereby files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

- A. 1. There are no written statements or taped confessions made by the defendant. Numerous conversations were recorded during this investigation. Enclosed please find copies of the following audiotape recorded conversations: June 16, 2000 (N-710); June 23, 2000 (N-712); June 29, 2000 (N-717); and July 6, 2000 (N-721). Enclosed please find copies of the following videotape recorded conversations: June 23, 2000 (N-713); June 29, 2000 (N-718); and July 6, 2000 (N-722).

  2. There is an oral statement made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government will offer in evidence at trial, other than a personal history taken at the time of arrest. Said statement will be produced upon receipt of the same from the case agent.

  3. The defendant did not testify before a grand jury.

  4. The criminal record of the defendant is attached.

  5. Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected by making an appointment with undersigned counsel. Such items include, but are

not limited to, the following, copies of which are attached: transcripts of June 16, 2000 (N-710); June 23, 2000 (N-712); June 29, 2000 (N-717); and July 6, 2000 (N-721).

6.      There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.      The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made to pursuant to Rule 16(b) of the **Federal Rules of Criminal Procedure**.

C.      The government is unaware of information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). Such information will be disclosed in future standing discovery production by the government.

E.      The government is aware of any prior convictions of the informant who may testify for the government at trial. Such information will be disclosed in future standing discovery production by the government.

F.      The government is not presently aware of the defendant being identified in a lineup, show-up, photo spread, or similar identification proceeding.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

2

J.        The government has ordered transcribed the Grand Jury Testimony of all witnesses who will testify for the government at the trial of this cause.

K.        Controlled substances are involved in this investigation. Attached please find laboratory analysis for crack cocaine purchased from the defendant on June 16, 2000, June 23, 2000, June 29, 2000, and July 6, 2000.

L.        The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that remains in police custody.

M.        The government is unaware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the **Federal Rules of Criminal Procedure**, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule (16)b of the **Federal Rules of Criminal Procedure**, in accordance with Rule 12.1 of the **Federal Rules of Criminal Procedure**, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense were:

1.    Time:      About 1:22 P.M. to approximately 1:37 P.M.
      Date:      June 16, 2000
      Place:     The intersection of 2nd Avenue and NW 7th Street in Hallandale Beach, Florida

2.    Time:      About 12:30 P.M. to approximately 12:52 P.M.
      Date:      June 23, 2000
      Place:     The intersection of 2nd Avenue and NW 7th Street in Hallandale Beach, Florida

3.    Time:      About 3:00 P.M. to approximately 3:40 P.M.
      Date:      June 29, 2000
      Place:     The intersection of 2nd Avenue and NW 7th Street in Hallandale Beach, Florida

4.　Time:　　About 4:07 P.M. to approximately 4:20 P.M.
　　Date:　　July 6, 2000
　　Place:　　The intersection of 2nd Avenue and Foster Road in Hallandale
　　　　　　Beach, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:　　_____

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court Number A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida  33301
Tel. (954) 356-7255
Fax. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this

24th day of April 2001 to Randee Golder, Esquire, PO Box 243756, Boynton Beach, Florida

33424-3726.

_____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

4